# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal Action No. 2:14-cr-270-7 (RBW) |
| ANTHONY PRYOR, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The defendant, Anthony Pryor, is currently serving a 140-month term of imprisonment that was imposed by this Court following his conviction at the conclusion of a nine-day bench trial for conspiracy to possess with the intent to distribute one hundred grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(i). See Judgment in a Criminal Case ("Judgment") at 1–2 (Oct. 23, 2017), ECF No. 786. Currently pending before the Court is the defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Def.'s Mot."), ECF No. 881. Upon careful consideration of the parties' submissions,[1] the Court concludes that it must (1) deny the defendant's motion to the extent it argues that his trial counsel was ineffective for failing to argue that he should not have been labelled as a career offender; and (2) hold the defendant's motion in abeyance to the extent that it argues that his trial counsel was ineffective for failing to identify "inconsistent statements" in the testimony of Corey Thompson.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) Pryor's Memorandum of Law in Support of Relief Under Section 2255 of Title 28, United States Code ("Def.'s Mem."), ECF No. 882; (2) a Letter from Anthony Pryor to the Court (Dec. 30, 2020) ("Def.'s Letter"), ECF No. 911; (3) a submission labeled Pryor Moves for Leave to Supplement His § 2255 ("Def.'s Supp. Mot."), ECF No. 968; (4) the Government's Response to Defendant's Post-Conviction Motion ("Gov't's Opp'n"), ECF No. 985; and (5) a submission labeled Pryor Submits His Traverse to the Government's Opposition to His § 2255 ("Def.'s Reply"), ECF No. 1010.

I.     BACKGROUND

Following a bench trial conducted from January 17, 2017, to January 30, 2017, see Minute ("Min.") Entry (Jan. 17, 2017); Min. Entry (Jan. 18, 2017); Min. Entry (Jan. 20, 2017); Min. Entry (Jan. 23, 2017); Min. Entry (Jan. 24, 2017); Min. Entry (Jan. 25, 2017); Min. Entry (Jan. 26, 2017); Min. Entry (Jan. 27, 2017); Min. Entry (Jan. 30, 2017), the defendant was convicted of one count of conspiracy to possess with the intent to distribute one hundred grams or more of heroin, in violation of §§ 846, 841(a)(1), and 841(b)(1)(B)(i), see Judgment at 1. Subsequently, the United States Probation Office (the "Probation Office") submitted to the Court its final Presentence Investigation Report, which included a sentencing guidelines calculation pursuant to the United States Sentencing Guidelines. See Presentence Investigation Report ("PSR") ¶ 83, ECF No. 762. The Probation Office concluded that "the defendant is a Career Offender and his criminal history category must be VI" because he "was at least 18 years old at the time of the instant offense of conviction; the instant offense is a controlled substance offense; and the defendant ha[d] at least two prior felony convictions for [ ] controlled substance offense[s.]" Id. ¶ 57. Therefore, although the defendant's offense level would have been 24, absent the career offender enhancement, see id. ¶ 37, the Probation Office calculated the defendant's offense level to be 34, see id. ¶ 38 ("The offense level for a career offender is 34 because the statutory maximum term of imprisonment is 40 years."). Consequently, the Probation Office calculated the defendant's "guideline imprisonment range [a]s 262 months to 327 months." Id. ¶ 83.

The Court sentenced the defendant on October 16, 2017. See Min. Entry (Oct. 17, 2017). At the sentencing hearing, neither the government nor the defendant objected to the guidelines calculation in the report, see Sentencing Tr. at 3:3–10 (Oct. 16, 2017), ECF No. 803, and thus the

Court "adopt[ed] the presentence report and the Guidelines [calculation] as accurate[,]" id. at 3:11–13. Following the parties' arguments, the Court concluded that, "under the circumstances, [ ] it would be inappropriately disparate for [the Court] to give [the defendant] th[e] bottom Guideline sentence[ of 262 months of incarceration], considering what [sentence the defendant's co-defendants] got." Id. at 25:25–26:2. However, the Court concluded that, "what [the defendant] did, with [his] history, deserve[d] that [he] at least do ten years' incarceration for this behavior." Id. at 26:6–9. Accordingly, the Court sentenced the defendant to "a hundred and forty months in prison, concluding that a [downward] departure, based upon [the defendant's] role, which [wa]s significantly less than other[ co-conspirators' roles], and also the need to avoid inappropriate disparity, . . . [wa]s appropriate." Id. at 26:10–13.

  Thereafter, the defendant appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit, see Opinion at 3 (June 6, 2019), United States v. Pryor, Case No. 17-3288, ECF No. 852, arguing that (1) "he did not join the conspiracy and that his involvement was limited to a buyer-seller relationship[,]" id.; and (2) the Court inappropriately "deci[ded] to allow his sentence to run consecutively to a state sentence for possession with intent to distribute heroin[,]" id. at 6. However, the Third Circuit concluded that (1) "the evidence was sufficient for [this] Court to conclude that [the defendant] was a member of the conspiracy[,]" id. at 5, and (2) it "c[ould ]not say that the Court abused its discretion when it ordered [the defendant's] sentence to run consecutively to his undischarged state sentence[,]" id. at 7.

  On August 11, 2020, the defendant filed his motion that is currently before the Court. See Def.'s Mot. at 1. On August 21, 2020, the Court issued a notice pursuant to United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999), directing the defendant to "notify the Court in writing"

3

on or before September 22, 2020, "of his election of one of the following three options: (1) withdraw his pending § 2255 motion and subsequently file a new, all-inclusive § 2255 motion; (2) amend his pending § 2255 motion with any additional claims or materials in support of his pending claims; or (3) have the motion as filed adjudicated by the Court." Order at 2 (Aug. 21, 2020), ECF No. 885.  On December 30, 2020, the defendant submitted a letter to the Court, advising the Court that, "[o]n December 2, 2020, the [Third Circuit, sitting en banc,] issued [its] opinion in United States v. Nasir, [Case] No. 18-2888, . . . providing support that [the defendant] was never a career offender[.]" Def.'s Letter at 1.  On May 12, 2022, the defendant filed a motion for leave to supplement his § 2255 motion, seeking leave to add a third claim against his appellate counsel for "failing to press the validity of his career offender status." Def.'s Supp. Mot. at 1.  On May 17, 2022, the Court denied the defendant's motion for leave to supplement and set a briefing schedule for the purpose of resolving the defendant's § 2255 motion.  See Order at 1 (May 17, 2022), ECF No. 970.  On July 22, 2022, the government filed its opposition to the defendant's motion, see Gov't's Opp'n at 1, and, on August 26, 2022, the defendant filed his reply in support of his motion, see Def.'s Reply at 1.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence.

28 U.S.C. § 2255(a).  "As a collateral challenge, a motion pursuant to [§ 2255] is reviewed much less favorably than a direct appeal of the sentence." United States v. Travillion, 759

4

F.3d 281, 288 (3d Cir. 2014). "Indeed, relief under § 2255 is available only when 'the claimed error of law was a fundamental defect [that] inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" Id. (internal quotation marks omitted) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

A "district court is required to hold an evidentiary hearing" regarding a § 2255 motion, "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." United States v. Booth, 432 F.3d 542, 545–46 (3d Cir. 2005) (internal quotation marks omitted). In considering a § 2255 motion, "the [C]ourt must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." Id. at 545. (internal quotation marks omitted). A "[§] 2255 motion may be dismissed without a hearing if: (1) its allegations, accepted as true, would not entitle [the p]etitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." United States v. Potter, No. 18-cr-279, 2023 WL 1996695, at *3 (W.D. Pa. Feb. 14, 2023) (quoting United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005)). Here, the Court concludes that an evidentiary hearing is not necessary in this case because all of the relevant evidence needed to adjudicate the defendant's claims are either before the Court or otherwise in the parties' possession. Accordingly, there is no need to further develop the factual record through an evidentiary hearing. Booth, 432 F.3d at 546 ("[T]he district court [only] abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief.").

### III.   ANALYSIS

The defendant argues that his trial counsel was ineffective because she failed to (1) "conduct research on the [ ] issue of the inapplicability of the career offender provision to a conspiracy conviction[,]" Def.'s Mem. at 6, and (2) bring to the Court's attention three alleged inconsistencies in the testimony of one of the government's witnesses, see id. at 11–12.  In response, the government argues that the defendant's "motion must be denied because" (1) "challenges to career offender determinations are not cognizable in § 2255 motions;" (2) the defendant's "attorney was not ineffective for failing to anticipate a change in long-standing (and then[-]binding) circuit precedent;" and (3) the defendant "cannot overcome his procedural default of both claims."  Gov't's Opp'n at 1.  The Court will first address the government's procedural default argument, before proceeding to consider the merits of the defendant's ineffective-assistance-of-counsel claims.

**A.   Procedural Default**

The government argues that the defendant "has [ ] (doubly) defaulted both of his claims[,]" Gov't's Opp'n at 4, because he (1) "has not proven 'cause,'" id. at 5; (2) "has not proven prejudice[,]" and (3) "has not proven actual innocence[,]" id. at 7.  "When a defendant fails to raise a claim on direct review[,] the claim becomes procedurally defaulted." United States v. Zareck, 2021 WL 4391393, at *48 (W.D. Pa. Sept. 24, 2021).  However, ineffective-assistance-of-counsel claims, like those raised by the defendant here, see Def.'s Mem. at 6, 11–12, are not subject to this procedural default, because "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal[,]" Massaro v. United States,

6

538 U.S. 500, 504 (2003).  Accordingly, the Court rejects the government's position that the defendant has "defaulted . . . his claims[.]"  Gov't's Opp'n at 4.

**B.      The Defendant's Ineffective Assistance of Counsel Claims**

Pursuant to the Sixth Amendment, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his [or her] defence."  U.S. Const. amend. VI.  "Under Strickland v. Washington, 466 U.S. 688 (1984), a habeas petitioner claiming a deprivation of his or her Sixth Amendment right to effective assistance of counsel must show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance caused the petitioner prejudice."  Ross v. Dist. Att'y of the Cnty. of Allegheny, 672 F.3d 198, 209–10 (3d Cir. 2012).  In order to show that counsel's performance was deficient, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness[,]" Strickland, 466 U.S. at 688, and overcome the "'strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance."  Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689).  Specifically, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  Id. at 105 (quoting Strickland, 466 U.S. at 690).  In other words, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.

To show that "counsel's deficient performance caused the petitioner prejudice[,]" Ross, 672 F.3d at 210, "a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]'" Harrington, 562 U.S. at 104 (quoting Strickland, 466 U.S. at 694).  "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Accordingly, "[i]t is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding[,]'" Harrington, 562 U.S. at 104 (quoting Strickland, 466 U.S. at 693), rather, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable[,]'" id. at 104 (quoting Strickland, 466 U.S. at 687). The Court will consider each of the plaintiff's ineffective-assistance-of-counsel claims in turn under this standard of review.

1. **The Defendant's Claim that Counsel Failed to Conduct Research on the Issue of the Inapplicability of the Career Offender Provision to a Conspiracy Conviction**

First, the defendant argues that his trial counsel was ineffective for failing to "conduct research on the [ ] issue of the inapplicability of the career offender provision to a conspiracy conviction." Def.'s Mem. at 6.[2] Citing United States v. Havis, 929 F.3d 317, 320 (6th Cir. 2019) (Sutton, J., concurring in the denial of en banc reconsideration); United States v.

---

[2] The defendant also argues in an attempt to supplement his § 2255 motion that his appellate counsel was ineffective because, "when appellate counsel filed his opening brief [in the defendant's direct appeal,] the case of Malik Nasir was percolating through the Third [Circuit,]" and, "[h]ad appellate counsel presented the same argument that Nasir did[, the defendant] would have succeeded on appeal and by now been resentenced." Def.'s Supp. Mot. at 1–2. However, the defendant neither raised this argument in his motion nor advised the Court of his intent to amend his motion within the time frame provided by the Court in its notice pursuant to United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999), see Notice and Order at 1 (Aug. 21, 2020), ECF No. 885 (directing the defendant that, "on or before September 22, 2020, [he] shall notify the Court in writing of his election of one of the following three options: (1) withdraw his pending § 2255 motion and subsequently file a new, all-inclusive § 2255 motion; (2) amend his pending § 2255 motion with any additional claims or materials in support of his pending clams; or (3) have the motion as filed adjudicated by the Court"). Accordingly, on May 17, 2022, the Court denied the defendant's motion to supplement, see Order at 1 (May 12, 2022), ECF No. 968, and therefore is not required to consider his additional argument regarding his appellate counsel now. See Order at 1 (May 17, 2022), ECF No. 970.

In any event, the defendant's argument regarding his appellate counsel would fare no better than his argument regarding his trial counsel, as the Third Circuit's decision in Nasir post-dated not only the briefing of the defendant's appeal, see Brief for the Appellant, United States v. Pryor, Case No. 17-3288 (3d Cir. Oct. 9, 2018); Reply Brief for the Appellant, United States v. Pryor, Case No. 17-3288 (3d Cir. Oct. 9, 2018), but also the Third Circuit's decision affirming his sentence issued by this Court, see Judgment, United States v. Pryor, Case No. 17-3288 (3d Cir. May 15, 2019). Accordingly, because "an attorney need not anticipate changes in the law or make arguments that are 'doomed to failure' under controlling case law[,]" United States v. Murray, 2022 WL 3586451, at *3 (M.D. Pa. Aug. 22, 2022) (quoting Sistrunk v. Vaughn, 96 F.3d 666, 672 (3d Cir. 1996)), the Court would also have to conclude on the merits that the defendant's appellate counsel was not ineffective for failing to argue that the defendant was not a career offender.

8

Winstead, 890 F.3d 1082 (D.C. Cir. 2018); and United States v. Powell, No. 5:17CR333, 2020 WL 1852750 (N.D. Ohio Apr. 13, 2020), see Def.'s Mem. at 7–8, the defendant argues that his trial counsel inappropriately "made absolutely no attempt to sufficiently inform herself about whether [21 U.S.C.] § 846, as an [attempt] offense," qualified as a controlled substance offense, id. at 9.  In response, the government argues that "binding Third Circuit precedent and clear commentary in the sentencing guidelines at the time of [the defendant's] sentencing stated that 21 U.S.C. § 846 is a [controlled substance offense[,]" Gov't's Opp'n at 3, and that "the reasonableness of an attorney's actions and the determination of potential ineffectiveness must be judged upon the facts and law at the time of counsel's conduct[,]" id. at 4.  For the following reasons, the Court agrees with the government that the defendant's trial and appellate counsel were not ineffective for failing to anticipate the change in the law regarding the applicability of the career offender provision to 21 U.S.C. § 846.

    **a.    Background**

U.S.S.G. § 4B1.1(a) states that:

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time [that] the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sent'g Guidelines Manual § 4B1.1(a) (U.S. Sent'g Comm'n 2016).[3]  Pursuant to U.S.S.G. § 4B1.2(b),

> [t]he term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a

---

[3] Because the defendant was sentenced on July 16, 2017, the Court refers to the 2016 version of the United States Sentencing Guidelines Manual, which was the applicable manual on that date.  See U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2016), https://www.ussc.gov/guidelines/2016-guidelines-manual.

9

counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Id. § 4B1.2(b). In its commentary regarding § 4B1.2(b), the Sentencing Commission stated that the terms "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." Id. § 4B1.2(b) cmt. n.1. In United States v. Hightower, decided in 1994, the Third Circuit held that Application Note 1's "expansion of the definition of a controlled substance to include inchoate offenses is not 'inconsistent with, or a plainly erroneous reading of' § 4B1.2(2) of the Sentencing Guidelines[,]" and was therefore "binding." United States v. Hightower, 25 F.3d 182, 187 (3d Cir. 1994), overruled by United States v. Nasir, 17 F.4th 459 (3d Cir. 2021).

Prior to 2018, several Circuit Courts of Appeals had considered whether attempt- or conspiracy-based offenses can constitute "controlled substance offenses" and agreed with the Third Circuit that the Sentencing Commission commentary "[wa]s generally authoritative" in concluding that "attempting to commit" a "controlled substance offense" qualified as a "controlled substance offense." United States v. Nieves-Borrero, 856 F.3d 5, 9 (1st Cir. 2017) (quoting United States v. Duong, 665 F.3d 364, 368 (1st Cir. 2012)); see also United States v. Jackson, 60 F.3d 128, 131 (2d Cir. 1995) (holding that "the term 'controlled substance offense' includes a drug conspiracy conviction"); United States v. Solomon, 592 F. App'x 359, 361 (6th Cir. 2014) ("Application Note 1 to § 4B1.2 of the Guidelines makes clear that 'controlled substance offense' includes attempt to commit a controlled substance offense."); United States v. Chavez, 660 F.3d 1215, 1228 (10th Cir. 2011) ("Because the commentary interprets controlled substance offenses as including convictions for attempted drug trafficking, and because the commentary [or Application Note] is authoritative, the district court properly determined that [ ] Chavez should be classified as a career offender."); United States v. Mendoza-Figueroa, 65 F.3d

691, 694 (8th Cir. 1995) ("[W]e conclude that U.S.S.G. § 4B1.2, comment[ary note 1] is a reasonable interpretation of the career offender guidelines that is well within the Sentencing Commission's statutory authority."); United States v. Lange, 862 F.3d 1290, 1296 (11th Cir. 2017) ("Interpreting [§4B1.2(b)] in the light of the authoritative interpretation provided in Application Note 1, . . . Lange's Florida conviction for 'Principal to Attempted Manufacture of Controlled Substance' qualifies as a 'controlled substance offense' under the Guidelines."), abrogated by United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023).

However, as the defendant correctly notes, on May 25, 2018, the District of Columbia Circuit held in United States v. Winstead, that § "4B1.2(b) presents a very detailed 'definition' of controlled substance offense that clearly excludes inchoate offenses."  890 F.3d at 1091.  In light of the Circuit decisions noted above, Winstead "create[ed] a circuit split on this issue."  United States v. Adams, 934 F.3d 720, 728–29 (7th Cir. 2019) (concluding that "the issue is governed by our decision in United States v. Raupp, 677 F.3d 756 (7th Cir. 2012), where [the Seventh Circuit Court] rejected the textual arguments that the D.C. Circuit later found persuasive in Winstead").

In 2021, the Third Circuit agreed with Winstead and overruled Hightower, holding that "inchoate crimes are not included in the definition of 'controlled substance offenses' given in [§] 4B1.2(b) of the [S]entencing [G]uidelines."  Nasir, 17 F.4th at 472.  Since Winstead, the Fourth, Sixth, and Eleventh Circuits have also adopted the D.C. Circuit's interpretation.  See United States v. Campbell, 22 F.4th 438, 447 (4th Cir. 2022) ("[T]he plain text of U.S.S.G. § 4B1.2(b) is inconsistent with the Commission's Commentary to that Guideline, and this is the only 'reasonable construction' of U.S.S.G. § 4B1.2(b)."); United States v. Havis, 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam) ("The Guidelines' definition of 'controlled

11

substance offense' does not include attempt crimes."); United States v. Dupree, 57 F.4th 1269, 1280 (11th Cir. 2023) ("[T]he plain text of § 4B1.2(b) unambiguously excludes inchoate crimes.").

  b.  **Application of the Law to the Facts of This Case**

  Having assessed the applicable legal landscape, the Court now turns to the defendant's argument that his trial counsel was ineffective for failing to argue at his sentencing that he was not a career offender because the offense for which he was convicted that provided the basis for his career offender status was the offense of conspiracy. See Def.'s Mem. at 6–10. In response, the government argues that "binding Third Circuit precedent and clear commentary in the sentencing guidelines at the time of [the defendant's] sentencing stated that 21 U.S.C. § 846 is a [controlled substance offense]" and "counsel cannot be deemed ineffective for failing to raise a [then ]meritless claim." Gov't's Opp'n at 3–4. The Court agrees with the government.

  Certainly, the defendant is correct that, if he were sentenced today, or at any time after the issuance of Nasir on November 8, 2021, see 17 F.4th at 461, he would not be designated as a career offender. See Def.'s Reply at 1 ("No one can argue [that the defendant] is a career offender following . . . Nasir[.]" (capitalization omitted)). However, as the government correctly notes, see Gov't's Opp'n at 3–4, when the defendant was sentenced on October 16, 2017, binding Third Circuit precedent held that "the definition of a controlled substance offense" in U.S.S.G. § 4B1.2(2) "include[d] inchoate offenses[,]" Hightower, 25 F.3d at 187, overruled by Nasir, 17 F.4th 459; see also Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) ("[T]he reasonableness of counsel's challenged conduct on the facts of the particular case[ must be] viewed [in context] of the time of counsel's conduct."). Accordingly, any argument by trial counsel that the defendant's § 846 conviction did not qualify as a "controlled substance offense"

12

would have been summarily rejected based on Hightower.  Moreover, at that time, "at least five circuits ha[d] held[,]" consistent with Hightower, that "the commentary was a legitimate interpretation of the guidelines[.]"  Winstead, 890 F.3d at 1089.  Therefore, any argument that Hightower was wrongly decided would have been against the weight of Circuit authority from across the country.  Cf. Wagner v. PennWest Farm Credit, ACA, 109 F.3d 909, 912 (3d Cir. 1997) ("In light of such an array of precedent [from other circuits], we would require a compelling basis to hold otherwise before effecting a circuit split."); see also Butler Cty. Mem'l Hosp. v. Heckler, 780 F.2d 352, 357 (3d Cir. 1985) (holding that the Third Circuit "should be reluctant to contradict the unanimous position of other circuits.").  As the government correctly argues, see Gov't's Opp'n at 4, "an attorney need not anticipate changes in the law or make arguments that are 'doomed to failure' under controlling case law[,]" United States v. Murray, No. 17-cr-342-06, 2022 WL 3586451, at *3 (M.D. Pa. Aug. 22, 2022) (quoting Sistrunk, 96 F.3d at 672).  Rather, "[t]he standard of effectiveness [i]s the exercise of the customary skill and knowledge which normally prevails at the time and place." United States v. Swinehart, 617 F.2d 336, 340 (3d Cir. 1980) (internal quotation marks omitted).  Accordingly, the Court concludes that the defendant's trial counsel was not ineffective for failing to argue at sentencing that the defendant's conviction under 21 U.S.C. § 846 was not a "controlled substance offense" under U.S.S.G. § 4B1.2(b).[4]  See Strickland, 466 U.S. at 688 ("[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness.").

Despite the state of the law when the defendant was sentenced, the defendant argues that "had [his trial counsel] researched the fact that inc[ho]ate crimes are not subject to the career

---

[4] It should be noted that the defendant's trial counsel also argued for a downward variance from the Sentencing Guidelines which, as the defendant admits, "she achieved[,]" Def.'s Mem. at 6, in obtaining for him a lower sentence than the Court otherwise could have imposed.

offender [enhancement, the defendant] may have been the successful litigant that Nasir later came to be." Def.'s Reply at 2.  However, at the time during which trial counsel would have been preparing for the defendant's sentencing on October 16, 2017, there existed only binding precedent by the Third Circuit and consistent ruling by other Circuit Courts of Appeals, and the D.C. Circuit did not issue its decision in Winstead until May 25, 2018.  Therefore, the "basic research" that the defendant argues that his counsel failed to conduct, Def.'s Reply at 5, would not have revealed anything other than contrary legal authority, both binding and persuasive.[5]  In contrast, by the time that Nasir filed his appellate brief with the Third Circuit, arguing that his "prior conviction for a mere attempt . . . d[id] not qualify as a predicate 'controlled substance offense' for purposes of the Sentencing Guidelines' career offender enhancement[,]" Brief for the Appellant at 43, United States v. Nasir, Case No. 18-2888 (3d Cir. Apr. 23, 2019), he was able to rely on Winstead, as well as the grant of en banc review by the Sixth Circuit in United States v. Havis, 921 F.3d 628 (6th Cir. 2019);  see Brief for the Appellant at 46–47, Nasir, Case No. 18-2888 (3d Cir. Apr. 23, 2019).  Although the defendant is correct that his argument would be a "plainly winning claim[]" at a sentencing held after Nasir, Def.'s Reply at 4, it would have been meritless in October 2017, when the defendant was sentenced. Moreover, "Section 2255 does not provide relief for every asserted error of law[,]" and the Third Circuit has clearly held that "an incorrect career-offender designation is not the type of defect that supports undermining [the judicial system's interest in] finality." United States v. Folk, 954 F.3d 597, 606 (3d Cir.

---

[5] The Court notes that Winstead filed his appellate brief with the D.C. Circuit on September 15, 2017, wherein he asserted the argument that he was "not a career offender" because "the Guideline commentary that includes an 'attempt' as a 'controlled substance offense' [wa]s void as plainly inconsistent with the Guidelines definition of that term." Brief for the Appellant at 35, United States v. Winstead, Case No. 12-3036 (D.C. Cir. Sept. 15, 2017) (capitalization omitted).  However, the failure to read a party's brief in an out-of-circuit case cannot be deemed an "error[] so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" Strickland, 466 U.S. at 687, particularly given the "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance[,]" Harrington, 562 U.S. at 104 (quoting Strickland, 466 U.S. at 689).

14

2020). Accordingly, the Court cannot conclude that the defendant's trial counsel was ineffective for failing to argue that the defendant should not have been labelled as a career offender and will deny the defendant's motion to the extent that it seeks relief for this alleged transgression.[6]

### 2. The Defendant's Claim that Counsel Failed to Identify Three Alleged Inconsistencies in the Testimony of a Government Witness

The Court now turns to the defendant's claim that his counsel was also ineffective for failing to identify "inconsistent statements" in the testimony of Corey Thompson ("Thompson"), Def.'s Mem. at 11 (capitalization omitted), who the defendant characterizes as "[t]he [l]ynchpin [t]o [his c]onviction[,]" id. at 10. Specifically, the defendant argues that counsel should have identified the following: (1) "Thompson claimed he never paid off a witness/victim in his girlfriend's case[,] . . . but a wiretap established [that] Thompson paid in excess of $1,000[,]" id. (capitalization omitted); (2) Thompson "denied being compensated for cooperating" but "discovery [ ] shows [he] was paid over $12,000[,]" id. (capitalization omitted); and (3) "during testimony Thompson identified 'Mojo' as Marty Sims, but . . . Thompson[] and the government knew 'Mojo's' name is Maurice Demery[,]" id. at 12 (capitalization omitted). According to the defendant, "had [counsel] reviewed the record and investigated the discovery[,] this Court would have found Thompson's testimony simply not credible[,] [ ] result[ing] in granting the [defendant's] oral Rule 29 [motion]." Id. at 12 (capitalization omitted). In response, the government argues that, "[e]ven assuming that [the defendant] had met his burden to prove the accuracy of all [three] of these allegations, they do not rise to the level of showing that no reasonable juror [or judge] would have convicted him." Gov't's Opp'n at 8.

---

[6] To the extent that the defendant argues that his designation as a career offender was improper, that argument is not cognizable under § 2255. United States v. Folk, 954 F.3d 597, 602 (3d Cir. 2020) (Holding that even "an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice.").

15

Despite the purported three inconsistencies, the defendant has only provided the Court with the report regarding Maurice Demery's nickname.  See id., Exhibit ("Ex.") B (Fed. Bureau of Investigation, CHS Reporting Document) at 1, ECF No. 882-2 at 2. Therefore, even assuming the defendant's "counsel's performance was deficient[,]" Ross, 672 F.3d at 210, it isn't clear that the counsel's failure to point out "inconsistent statements[,]" Def.'s Mem. at 11, "caused the [defendant] prejudice[,]" Ross, 672 F.3d at 210, in regards to his conviction and subsequent sentence.  The defendant contends that had his counsel pointed out the aforementioned "inconsistent statements[,]" Def.'s Mem. at 11, that "this Court would have found Thompson's testimony simply not credible[,]" id. at 12.  Again, even assuming arguendo that the Court might have found Thompson's testimony not credible, the defendant does not explain how that finding would have outweighed the otherwise "overwhelming evidence of [his] guilt[.]" Buehl v. Vaughn, 166 F.3d 163, 172 (3d Cir. 1999) ("[A] court must consider the magnitude of the evidence against the defendant."); see also Gov't's Opp'n at 8 ("[T]he government called twenty-seven witnesses to testify . . . [,] presented over twenty-one pages of exhibits . . . [and the defendant] alleges that [one] of the government's twenty-seven witnesses made [three] purported errors.").  Accordingly, the Court concludes that the defendant has failed to show that "the proceeding[s] would have been different[,]" Harrington, 562 U.S. at 104 (internal quotation marks omitted), had his counsel brought to the Court's attention three inconsistencies in the single witness' testimony he takes issue with.

### IV.   CONCLUSION

For the foregoing reasons, the Court concludes that it must deny the defendant's motion.

**SO ORDERED** this 1st day of March, 2024.[7]

REGGIE B. WALTON<br>
United States District Judge

---

[7] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.